IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Thadd Potts, Jr., | C/A No. 4:23-cv-4875-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Marley Engineered Products and SPX Technologies, | |
| Defendants. | |

Plaintiff Daniel Thadd Potts, Jr. ("Plaintiff"), proceeding *pro se*, brings this action against Defendants Marley Engineered Products and SPX Technologies (collectively, "Defendants"), alleging employment discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). Defendants move to dismiss. [ECF No. 53.]

This matter is before the court on the Report and Recommendation ("Report") issued by United States Magistrate Judge Kaymani D. West pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending Defendants' motion be granted. [ECF No. 63.] Plaintiff objects to the recommendation. [ECF No. 65.] For the reasons below, the court adopts the Report and its ultimate recommendation.

**LEGAL STANDARDS**

I.  Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo

1

determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain its reasons for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But "[i]n the absence of *specific* objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

**II.     Motion to Dismiss**

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The court need not, however, accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2011)). When considering a motion to dismiss, a court can consider "documents that are explicitly incorporated into the complaint by reference," documents "attached to the complaint as exhibits," and documents attached to a motion

to dismiss, as long as they are "integral to the complaint" and "authentic." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). If the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. Still, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The magistrate judge issued a thorough Report and Recommendation, recommending Defendants' motion to dismiss be granted. [ECF No. 63.] The Report sets forth in detail the relevant facts and standards of law and the court incorporates those facts and standards with only a brief synopsis of the relevant facts.[1] *See id.*

Plaintiff sued Defendants for failure to accommodate his disability in violation of the ADA. The ADA requires an aggrieved party to exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") before suing in federal court. *See* 42 U.S.C. § 2000e-5(f)(1) (stating charge-filing requirement for Title VII claims); 42 U.S.C. § 12117(a) (incorporating and applying Title VII's procedural requirements to ADA claims). After filing a charge and receiving a right-to-sue letter from the EEOC, a plaintiff has 90 days from receipt of the letter to file suit. *See id.*

---

[1] Plaintiff raises no specific objection to the factual background or legal standards in the Report. *See* ECF No. 72.

Here, Plaintiff filed a charge with the EEOC and received a right-to-sue letter (the "EEOC Letter") on June 29, 2023. *See* ECF No. 39-1. As Plaintiff's initial complaint was filed on September 29, 2023, *see* ECF No. 1, it was filed more than 90 days after his receipt of the EEOC Letter. Accordingly, Defendants moved to dismiss on the ground that Plaintiff's claim was not timely filed.[2] *See* ECF No. 53. The magistrate judge agreed with Defendants and recommended that the court grant their motion. [ECF No. 63.]

**I.  Equitable Tolling**

Plaintiff raises only one objection to the Report: He argues the magistrate judge erred in declining to apply the equitable tolling doctrine. *See* ECF No. 65. To benefit from equitable tolling, a plaintiff must show that "(1) he had been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Here, Plaintiff argues equitable tolling should apply to his claims because he was pursuing his rights diligently, extraordinary circumstances stood in his way, and because he "did not know the legal requirements related to [the] filing date." *See* ECF No. 65 at 1.

First, Plaintiff claims that between the time he received the EEOC Letter and the time when he filed suit, he "contacted numerous lawyers but was unable to find anyone to take [his] case."

---

[2] Defendants also argued, and the magistrate judge agreed, that Plaintiff's claims against SPX Technologies should be dismissed because Plaintiff failed to exhaust his administrative remedies as to SPX Technologies. *See* ECF No. 63 at 8–9. Plaintiff offers no argument in response. The court need not address this issue, however, because Plaintiff's claims are untimely regardless of whether he properly exhausted his administrative remedies.

4

*Id.* He further alleges that during this time, he was under the impression that the date of mailing would be considered his filing date for purposes of the 90-day limitations period.[3]

Second, Plaintiff states the following "extraordinary circumstances" stood in his way: he was "desperately trying to find a job" and spending "10 hours a day applying to jobs"; he was "dealing with [his] disability"; he "didn't feel like [he] could go anywhere for help"; his wife was unwilling to help him; and he "do[es] not like sharing the details of issues [he] is having with [his] disability outside of [his] family." *See* ECF No. 65 at 1.

Third, Plaintiff complains the filing deadline is unfair and "does not make any sense." *Id.* at 2. He reiterates that he misunderstood the rule, believing the *mailing* date would serve as the *filing* date for purposes of the limitations period. *Id.* While Plaintiff admits he was informed that his lawsuit had to be "filed WITHIN 90 DAYS" of his receipt of the EEOC Letter, he claims he "was never informed of the definition of filed." *Id.*

## II.     Plaintiff's Objection is Overruled

"[I]t is well established that '*pro se* status provides no independent basis for an equitable tolling of the Title VII filing period.'" *Jacobs v. Walmart Inc.*, No. RDB-22-2666, 2023 WL 4532822, at *7 (D. Md. July 13, 2023) (quoting *Ugbo v. Knowles*, 480 F. Supp. 2d 850, 853 (E.D. Va. 2007)). Indeed, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *See United States v. Davis*, No. 17-CR-196-2, 2023 WL 2564335, at *3 (E.D. Va. Mar. 16, 2023) (quoting *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)); *see also Jacobs*, 2023 WL 4532822, at *7 (A "*pro se* litigant [cannot] ignore or extend statutory filing periods solely on account of their diligent effort to obtain counsel."). And, while "[p]ro se litigants are entitled to some deference from the courts,"

---

[3] Plaintiff's belief was incorrect, as explained in the Report. *See* ECF No. 63 at 7.

they are nonetheless subject to timing requirements, just as other litigants. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Finally, as the Supreme Court has emphasized: "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

Based on these principles, the court agrees with the conclusion of the magistrate judge: Plaintiff's arguments do not support application of the equitable tolling doctrine, and his misunderstanding of the filing deadline does not change the result. The court is sympathetic to the difficulties posed by Plaintiff's struggle to find employment, as well as his disability and related personal hardships. That said, such difficulties are not "extraordinary circumstances" sufficient to warrant equitable tolling. Furthermore, Plaintiff's attempts to find a lawyer are inadequate to show that he was diligently pursuing his rights.

## CONCLUSION

For these reasons, Plaintiff's objection is overruled, and the court adopts the Report and Recommendation [ECF No. 63] of the magistrate judge. Defendants' motion to dismiss [ECF No. 53] is therefore **GRANTED**, and Plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

April 14, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge