IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Thad Potts, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Marley Engineered Products and SPX Technologies, <br><br> Defendants. | C/A No. 4:23-cv-4875-SAL <br><br><br> **ORDER** |

This matter is before the court on the motion for reconsideration filed by Plaintiff Daniel Thad Potts, Jr. ("Plaintiff"). [ECF No. 73.] Plaintiff moves the court to reconsider its prior order, ECF No. 66, dismissing Plaintiff's claims as untimely. Defendants Marley Engineered Products and SPX Technologies (collectively, "Defendants") oppose the motion. [ECF No. 74.]

**BACKGROUND**

Plaintiff sued Defendants for failure to accommodate his disability in violation of the ADA. The ADA requires an aggrieved party to exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") before suing in federal court. *See* 42 U.S.C. § 2000e-5(f)(1) (stating charge-filing requirement for Title VII claims); 42 U.S.C. § 12117(a) (incorporating and applying Title VII's procedural requirements to ADA claims). After filing a charge and receiving a right-to-sue letter from the EEOC, a plaintiff has 90 days from receipt of the letter to file suit. *See id.*

Plaintiff filed an EEOC charge and received a right-to-sue letter (the "Letter") on June 29, 2023. *See* ECF No. 39-1. He filed his complaint on September 29, 2023, *see* ECF No. 1, more than 90 days after his receipt of the Letter. Consequently, Defendants moved to dismiss for untimeliness. *See* ECF No. 53.

1

The magistrate judge agreed and issued a Report and Recommendation, ECF No. 63, recommending dismissal. Plaintiff objected, arguing the magistrate judge erred by declining to apply equitable tolling. *See* ECF No. 65. On April 14, 2025, this court entered an order overruling Plaintiff's objection, adopting the Report and Recommendation of the magistrate judge, and dismissing Plaintiff's claims with prejudice. *See* ECF No. 66.

Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. *See* ECF No. 69.[1] Then, on June 4, 2025, Plaintiff filed the instant motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. [ECF No. 73.] Plaintiff claims his motion is "based on new evidence and facts that were not previously presented to the Court." *Id.* at 2. For the reasons below, Plaintiff's motion is denied.

## LEGAL STANDARD

Under Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding on a limited number of grounds. *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023). "To prevail, a party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Id.* (quoting *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017)). "Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Id.* at 105–06.

Those categories are as follows:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] Plaintiff's appeal is still pending, but he is currently in default because he missed the deadline for filing his opening brief. *See* ECF No. 8 in *Potts v. Marley Engineered Prods.*, No. 25-1508 (4th Cir.).

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

Plaintiff's motion relies on the second category—newly discovered evidence. *See* ECF No. 73 at 2 ("This motion is based on new evidence and facts that were not previously presented to the Court and which directly affect the timeliness of the complaint."). Still, to be thorough, the court also considers whether relief is warranted under Rules 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect," or 60(b)(6), the "catch-all provision." *See*, *e.g.*, *Justus*, 78 F.4th at 106. For the reasons below, Plaintiff is not entitled to relief under any of the categories listed in Rule 60(b), and his motion is therefore denied.

## DISCUSSION

At the outset, the court notes that "[t]he remedy afforded by Rule 60(b) is an 'extraordinary' one that is 'only to be invoked upon a showing of exceptional circumstances.'" *K.C. ex rel. Africa H. v. Shipman*, 716 F.3d 107, 117 n.3 (4th Cir. 2013) (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)).

I.      **Rule 60(b)(2) – "Newly Discovered Evidence"**

Plaintiff's motion is premised on a specific passage in the EEOC Letter stating: "[Y]our lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document." *See* ECF No. 73 at 6. Instructions

enclosed with the Letter further explained that "[r]eceipt generally means the date when you (or your representative) opened this email or mail." *Id.* at 8. In his motion, Plaintiff alleges he did not open the email until July 1, 2023, despite the email being sent June 29, 2023. Thus, he contends his complaint filed September 29, 2023, was timely. *See id.* at 4–5.

Plaintiff correctly notes this evidence was not previously presented. *Id.* at 5. However, he fails to explain *why* this information was not raised earlier.

In the Fourth Circuit, a plaintiff seeking relief under Rule 60(b)(2) based on newly discovered evidence must demonstrate five elements:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that [it] is likely to produce a new outcome if the case were retried, or is such that [it] would require the judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)).

Plaintiff cannot satisfy the first two elements. By his own admission, he had access to the Letter on July 1, 2023, long before judgment. *See* ECF No. 73 at 4. Had he exercised due diligence, he could have raised this argument in response to Defendants' motion to dismiss, ECF No. 53. But he failed to make such an argument and has provided no explanation for his failure to do so.

As a result, Plaintiff is not entitled to relief under Rule 60(b)(2) as a matter of law.[2] *See Boryan*, 884 F.2d at 771 ("Evidence that is available to a party prior to entry of judgment, therefore,

---

[2] Even if the language in the Letter could be considered "newly discovered," it is nonetheless unclear whether Plaintiff's argument would entitle him to relief. The Letter states "[r]eceipt *generally* occurs on the date that you . . . view this document." *See* ECF No. 73 at 6 (emphasis added). The word "generally" indicates that receipt does not *always* occur on that date. And courts in the Fourth Circuit have consistently applied a *constructive*, rather than *actual* receipt standard when analyzing EEOC right-to-sue letters. *See, e.g., Booker v. Lonza of Greenwood LLC*, No.

is not a basis for granting a motion for reconsideration as a matter of law."); *Bagnal v. Foremost Ins. Grp.*, No. 2:09-CV-1474-DCN, 2011 WL 1235555, at *4 (D.S.C. Mar. 30, 2011) ("The Fourth Circuit has also held that when advancing a claim of newly discovered evidence, a party must produce a legitimate justification for not presenting the evidence during the earlier proceeding.") (quotations omitted).

## II.     Rule 60(b)(1) – "Mistake, Inadvertence, Surprise, or Excusable Neglect"

Under Rule 60(b)(1), the court may grant relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Relief, however, is inappropriate simply because a litigant is unhappy with the judgment; there must be some showing of why the litigant failed to avoid mistake, inadvertence, surprise, or excusable neglect." *Coleman v. Chase Bank*, No. 3:14-CV-101, 2014 WL 4161986, at *2 (E.D. Va. Aug. 19, 2014) (quoting *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, No. 94-2569, 1995 U.S. App. LEXIS 16798, at *10 (4th Cir. July 11, 1995)). "[I]gnorance or carelessness do not present cognizable grounds for relief under 60(b)." *See Gilreath v. Cumberland Cnty. Bd. of Educ.*, 304 F.R.D. 481, 485 (E.D.N.C. 2015) (quoting *Evans v. United Life & Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989)). Plaintiff offers no reason beyond his own lack of diligence for failing to raise the issue earlier. Therefore, he is not entitled to relief under Rule 60(b)(1).

## III.    Rule 60(b)(6) – "Any Other Reason That Justifies Relief"

Rule 60(b)(6) is a catchall provision that permits the court to grant relief from the judgment for "any other reason that justifies relief." *Gilreath*, 304 F.R.D. at 485. "A court may grant a

---

8:24-CV-03400-DCC-MGB, 2025 WL 1118660, at *4 (D.S.C. Feb. 25, 2025), *report and recommendation adopted*, No. 8:24-CV-03400-DCC, 2025 WL 1115718 (D.S.C. Apr. 15, 2025); *Ukor v. George Mason Univ.*, No. 1:23-cv-106 (PTG/JFA), 2023 WL 4976194, at *2 (E.D. Va. Aug. 3, 2023); *Wolfe v. Wps Health Sols., Inc.*, No. 4:20-CV-175, 2021 WL 1992027, at *3 (E.D. Va. Apr. 7, 2021).

60(b)(6) motion if 'such action is appropriate to accomplish justice' and in the face of extraordinary circumstances." *Id.* (quoting *Dowell v. State Farm Fire & Cas. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). Whether the result of negligence or Plaintiff's own conscious decision, his failure to raise an argument that could have been raised earlier does not present an "extraordinary circumstance" sufficient to justify relief under Rule 60(b)(6).

## CONCLUSION

For these reasons, Plaintiff's motion, ECF No. 73, is **DENIED**.

**IT IS SO ORDERED.**

July 7, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge